FILED
United States Court of Appeals
Tenth Circuit

August 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE M. JIRON,

          Petitioner - Appellant,

    v.

JUDGE PATTY SWIFT, Alamosa
County; JOHN W. SUTHERS,
Attorney General of the State of
Colorado,

          Respondents - Appellees.

No. 09-1162
(D. Colorado)
(D.C. No. 1:09-CV-00351-ZLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

Appellant, Lawrence M. Jiron, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254

habeas application. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be

taken from a final order disposing of a § 2254 application unless the petitioner

first obtains a COA).

Jiron filed the instant § 2254 application with the Colorado district court on

February 20, 2009. On February 25th, Jiron was ordered to show cause why the

application should not be dismissed as duplicative of an earlier filed § 2254

application which was currently pending in the same court. Jiron's response stated the February 20th application was filed "in support" of the earlier application. The district court dismissed the §2254 application as duplicative and denied Jiron a COA.

To be entitled to a COA from this court, Jiron must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted); *see also Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

This court has reviewed Jiron's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Jiron is not entitled to a COA. The district court's resolution of Jiron's claims is not

reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Jiron has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Jiron's request for a COA and **dismisses** this appeal. Jiron's motion to proceed *in forma pauperis* on appeal is **denied** and we remind him that he is responsible for the immediate payment of any unpaid balance of the appellate filing fee. All remaining outstanding motions are **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge